1
2
3
4
5
6                        **UNITED STATES DISTRICT COURT**
7                             **DISTRICT OF NEVADA**
8
9   LANCE DEON HAWES,
10          Petitioner,                          Case No. 3:10-CV-00655-RCJ-(VPC)
11   vs.                                         **ORDER**
12   JACK PALMER, et al.,
13          Respondents.
14
15          Petitioner has paid the filing fee.  Before the court are petitioner's motion for leave to
16   proceed on a petition for writ of habeas corpus in excess of page limit, a petition for a writ of habeas
17   corpus pursuant to 28 U.S.C. § 2254, and a motion to hold the case in abeyance.  The court grants
18   petitioner's motion to file a longer-than-normal petition.  The court has reviewed the petition
19   pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.
20   Petitioner will need to file an amended petition to correct some defects.
21          In ground 2, petitioner claims that the trial court erred in denying his motion for a
22   mistrial.  The basis for the motion was a juror's introduction of extrinsic evidence into the jury's
23   deliberations.  Petitioner does not allege what this evidence is.
24          In ordinary civil proceedings, the governing Rule, Rule 8 of the Federal Rules of
     Civil Procedure, requires only "a short and plain statement of the claim showing that
25   the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).  Rule 2(c) of the Rules
     Governing Habeas Corpus Cases requires a more detailed statement.   The habeas
26   rule instructs the petitioner to "specify all the grounds for relief available to [him]"
     and to "state the facts supporting each ground."
27
28   Mayle v. Felix, 545 U.S. 644, 649 (2005).

1
2
3
4

A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted." § 2243.   Under Habeas Corpus Rule 4, if "it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court," the court must summarily dismiss the petition without ordering a responsive pleading.   If the court orders the State to file an answer, that pleading must "address the allegations in the petition."   Rule 5(b).

5   Id. at 656.  Petitioner refers the court to a fast-track statement filed with the Nevada Supreme Court

6   and an order of affirmance of the Nevada Supreme Court.  Petitioner cannot incorporate documents

7   into his petition by reference, and the court will not pore through those documents to find the

8   relevant parts.[1]  Petitioner will need to allege all the relevant facts in the ground itself.

9          In ground 3, Petitioner first alleges that appellate counsel provided ineffective

10   assistance because appellate counsel did not raise certain issues on appeal.  Petitioner then starts a

11   paragraph in ground 3 with the lettering "(a)", and grounds 4 and 5 start with the lettering "(b)" and

12   "(c)", respectively.  The court assumes that grounds 3, 4, and 5 are all part of an over-arching claim

13   that appellate counsel did not raise certain issues on direct appeal.

14          The problem is that appellate counsel could not have raised the issues in grounds 3,

15   4, and 5 on direct appeal.  Grounds 3, 4, and 5 are all claims of ineffective assistance of trial

16   counsel.  In Nevada a claim of ineffective assistance of counsel must be raised in a post-conviction

17   petition, not on direct appeal.  Gibbons v. State, 634 P.2d 1214 (Nev. 1981).  As pleaded, grounds 3,

18   4, and 5 do not entitle petitioner to relief.

19          In ground 7, petitioner claims that appellate counsel provided ineffective assistance

20   because appellate counsel raised only one issue on direct appeal.  Petitioner does not allege what

21   other issues counsel wanted to raise on appeal.  To the extent that petitioner is claiming that counsel

22   should have raised the issues presented in grounds 3, 4, and 5, counsel could not have raised those

23   issues on direct appeal for the reasons stated above.

24          In ground 8, petitioner claims that he could not have been convicted of assault with

25   the use of a deadly weapon and battery with the use of a deadly weapon, because the instrument at

26

27

28

[1]Even if the court wanted to look through the fast-track statement, it could not.  Petitioner did not submit a copy of the statement with his petition.

1    issue, an air rifle, cannot be considered a deadly weapon.  Petitioner bases this claim upon an

2    interpretation of Nevada law that is outdated and inapplicable.

3         First, the interpretation is outdated.  In 1990, the Nevada Supreme Court determined

4    that courts must determine whether an instrumentality is an "inherently dangerous weapon" to

5    qualify as a deadly weapon for the deadly-weapon sentence enhancement of Nev. Rev. Stat.

6    § 193.165.  Zgombic v. State, 798 P.2d 548, 550 (Nev. 1990).  In 1995, Nevada's legislature

7    amended § 193.165 to define a "deadly weapon" as "[a]ny weapon, device, instrument, material or

8    substance which, under the circumstances in which it is used, attempted to be used or threatened to

9    be used, is readily capable of causing substantial bodily harm or death."  The Nevada Supreme

10   Court noted that this amendment superseded Zgombic for those crimes that occurred after

11   amendment of the statute, like petitioner's did.  See Steese v. State, 960 P.2d 321, 334 n.6 (Nev.

12   1998).

13        Second, petitioner interprets an inapplicable provision of Nevada law.  Zgombic

14   limited its ruling to § 193.165.  "Under the functional test, an instrumentality, even though not

15   normally dangerous, is a deadly weapon whenever it is used in a deadly manner. . . .  We have no

16   dispute with these cases which use the functional test to define a deadly weapon when a deadly

17   weapon is an element of a crime. Indeed, that is the interpretation generally followed in Nevada."

18   798 P.2d at 549-50 (citing Loretta v. Sheriff, 565 P.2d 1008 (1977)).  The crime at issue in Loretta

19   was assault with the use a deadly weapon, one of the crimes for which petitioner was convicted.

20   The use of a deadly weapon is an element of both assault with the use of a deadly weapon and

21   battery with the use of a deadly weapon.  See Nev. Rev. Stat. §§ 200.471(2)(b) (assault),

22   200.481(2)(e) (battery).  Consequently, even if Zgombic remained good law, it was not applicable to

23   petitioner's case.

24        Ground 10 could be one of two claims.  First, petitioner could be claiming that the

25   conviction for battery causing substantial bodily harm must be vacated because the prosecution did

26   not present sufficient evidence to support the jury's verdict.  Second, petitioner could be claiming

27   that counsel provided ineffective assistance by not arguing the point to the jury and by not moving

28   to dismiss the charge.  Petitioner needs to be more clear as to what he is actually claiming.  Even

1  though the facts are the same, the standards governing a claim of insufficient evidence and a claim

2  of ineffective assistance counsel are different.  See Kimmelmann v. Morrison, 477 U.S. 365, 373-74

3  & n.1 (1986).

4          Ground 14 is a claim that petitioner's post-conviction counsel did not inform

5  petitioner that on March 11, 2010, the Nevada Supreme Court affirmed the denial of his post-

6  conviction petition.  Instead, petitioner learned about the decision on October 6, 2010.  Petitioner

7  has no right to effective assistance of counsel in post-conviction proceedings.  Pennsylvania v.

8  Finley, 481 U.S. 551, 555 (1987).  The court dismisses ground 14.

9          When petitioner amends his petition to correct the above-noted defects, he will also

10  need to allege his other grounds for relief, besides the dismissed ground 14, or they will be waived.

11  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

12          Petitioner's motion to hold this action in abeyance is premature.  If respondents move

13  to dismiss the action because petitioner has not exhausted his available remedies in state court,

14  required by 28 U.S.C. § 2254(b), and if the court agrees with respondents, then the court will

15  consider a motion by petitioner to stay the action.

16          Petitioner has submitted a motion for appointment of counsel.  Whenever the Court

17  determines that the interests of justice so require, counsel may be appointed to any financially

18  eligible person who is seeking habeas corpus relief.  18 U.S.C. § 3006A(a)(2)(B).  "[T]he district

19  court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to

20  articulate his claims pro se in light of the complexity of the legal issues involved."  Weygandt v.

21  Look, 718 F.2d 952 (9th Cir. 1983).  There is no constitutional right to counsel in federal habeas

22  proceedings.  McCleskey v. Zant, 499 U.S. 467, 495 (1991).  The factors to consider are not

23  separate from the underlying claims, but are intrinsically enmeshed with them.  Weygandt, 718 F.2d

24  at 954.  After reviewing the petition, the court finds that the appointment of counsel is not

25  warranted.

26          Petitioner has submitted a motion to extend copy work limit (#5).  Petitioner does not

27  have a right to free photocopying.  Johnson v. Moore, 942 F.2d 517 (9th Cir. 1991).  However, a

28

1  court can order a prison to provide limited photocopying when it is necessary for an inmate to

2  provide copies to the court and other parties.

3           The court is not convinced that even limited photocopying is necessary at this time.

4  In addition to the indigent inmate photocopying allowance, Nevada prisons also make carbon paper

5  available for copies.  Administrative Regulation 722.  Petitioner has not alleged how carbon paper is

6  inadequate for any pleadings, motions, or responses which he might file and serve.  He does note

7  that he might need to photocopy exhibits, but no such necessity currently exists.  Pursuant to Rule 5

8  of the Rules Governing Section 2254 Cases in the United States District Courts, respondents need to

9  provide with their answer appellate briefs and orders, as well as pertinent portions of the transcripts.

10 If, after respondents file and serve their answer or other response with their supporting exhibits, it

11 becomes necessary for petitioner to file and serve his own exhibits, the court will then entertain a

12 motion for petitioner to exceed the prison's limit on indigent photocopy work.

13          Petitioner has submitted a motion for the court to do the necessary copy work (#6).

14 Petitioner bases this motion upon a special order of the court that is no longer in effect.

15          IT IS THEREFORE ORDERED that the clerk of the court shall file petitioner's

16 motion for leave to proceed on a petition for writ of habeas corpus in excess of page limit, petition

17 for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, motion to hold the case in abeyance, and

18 motion for appointment of counsel.

19          IT IS FURTHER ORDERED that petitioner's motion for leave to proceed on a

20 petition for writ of habeas corpus in excess of page limit is **GRANTED**.

21          IT IS FURTHER ORDERED that ground 14 of the petition is **DISMISSED**.

22          IT IS THEREFORE ORDERED that the clerk of the court shall send petitioner a

23 petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 form with instructions. Petitioner

24 shall have thirty (30) days from the date that this order is entered in which to file an amended

25 petition to correct the noted deficiencies.  Failure to comply with this order will result in the

26 dismissal of grounds 2, 3, 4, 5, 7, 8, and 10 from this action.

27          IT IS FURTHER ORDERED that petitioner shall clearly title the amended petition

28 as such by placing the word "AMENDED" immediately above "Petition for a Writ of Habeas

1  Corpus Pursuant to 28 U.S.C. § 2254" on page 1 in the caption, and petitioner shall place the docket

2  number, 3:10-CV-00655-RCJ-(VPC), above the word "AMENDED."

3          IT IS FURTHER ORDERED, as per prior agreement, that the clerk of court shall add

4  Attorney General Catherine Cortez Masto (listed under Cortez) as counsel for respondents and shall

5  make informal electronic service of this order upon respondents by directing a notice of electronic

6  filing to her office.  Respondents' counsel shall enter a notice of appearance herein within twenty

7  (20) days of entry of this order, but no further response shall be required from respondents until

8  further order of the court.

9          IT IS FURTHER ORDERED that petitioner's motion to hold the case in abeyance is

10 **DENIED**.

11          IT IS FURTHER ORDERED that petitioner's motion to extend copy work limit (#5)

12 is **DENIED**.

13          IT IS FURTHER ORDERED that petitioner's motion for the court to do the

14 necessary copy work (#6) is **DENIED**.

15          Dated:  This 30th day of March, 2011.

16

17                                                    _____

18                                                    ROBERT C. JONES
                                                     United States District Judge
19

20

21

22

23

24

25

26

27

28