# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| LANCE DEON HAWES,<br><br>    Petitioner,<br><br>vs.<br><br>JACK PALMER, et al.,<br><br>    Respondents. | Case No. 3:10-CV-00655-RCJ-(VPC)<br><br>**ORDER** |

Before the court are the amended petition for a writ of habeas corpus (#15), respondents' motion to dismiss (#20), petitioner's motion to hold case in abeyance (#31), respondents' opposition (#32) to petitioner's motion, and petitioner's reply (#34). The court finds that petitioner has not exhausted his state-court remedies for all of his grounds for relief, and the court denies petitioner's request for a stay.

After a jury trial in state court, petitioner was convicted of two counts of domestic battery, two counts of battery causing substantial bodily harm, and one count of assault with a deadly weapon. Ex. 37 (#23).[1] Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 47 (#24). Petitioner then commenced post-conviction proceedings in the state district court. He filed a pro se habeas corpus petition. Ex. 53 (#24). Then, on April 24, 2006, he filed a motion for appointment of counsel, a motion for leave to file an amended habeas corpus petition, and a proposed amended habeas corpus petition. Ex. 59, 60, 61 (#25). The state district court granted the

---

[1] Petitioner was acquitted on two counts of false imprisonment. Ex. 34 (#23).

motion for appointment of counsel. Ex. 70 (#25). It is unclear whether the state district court granted petitioner leave to file the amended petition, but the question is irrelevant for the purposes of the motion to dismiss (#20). Post-conviction counsel filed a supplemental habeas corpus petition. Ex. 72 (#25). The state district court denied some of the grounds for relief and scheduled an evidentiary hearing for other grounds Ex. 74 (#25). The state district court held that evidentiary hearing over two days. Ex. 78, 79 (#26). The state district court denied the petition. Ex. 81 (#26). Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 96 (#26).

Petitioner then commenced the current federal habeas corpus action. The court found defects in the original petition (#1) and directed petitioner to file an amended petition. Order (#8). Petitioner filed the amended petition (#15). The court dismissed ground 16 of the amended petition and directed respondents to respond to the remaining grounds. The motion to dismiss (#20) followed.

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

"[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state remedies only if he characterized the claims he raised in state proceedings specifically as federal claims. In short, the petitioner must have either referenced specific provisions of the federal constitution or statutes or cited to federal case law." Lyons v. Crawford, 232 F.3d 666, 670 (9th Cir. 2000) (emphasis in original), amended, 247 F.3d 904 (9th Cir. 2001). Citation to state case law that applies federal constitutional principles will also suffice. Peterson v. Lampert, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). "The mere similarity between a claim of state and federal error is insufficient to establish exhaustion. Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

The parties do not dispute that petitioner has failed to exhaust his available state-court remedies for many of his grounds for relief.[2] Petitioner asks the court to stay this action while he returns to state court to exhaust those grounds. Petitioner must show that he has "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines v. Weber, 544 U.S. 269, 278 (2005).

What constitutes "good cause" is not yet fully defined. On one hand, a petitioner does not need to show extraordinary circumstances that made it impossible for him to exhaust his state-court remedies. Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005). On the other hand:

> [A]s the Jackson court recognized, we must interpret whether a petitioner has "good cause" for a failure to exhaust in light of the Supreme Court's instruction in Rhines that the district court should only stay mixed petitions in "limited circumstances." . . . We also must be mindful that AEDPA aims to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before filing in federal court.

Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008) (citations omitted). The court continued:

> To accept that a petitioner's "impression" that a claim had been included in an appellate brief constitutes "good cause" would render stay-and-obey orders routine. Indeed, if the court was willing to stay mixed petitions based on a petitioner's lack of knowledge that a claim was not exhausted, virtually every habeas petitioner, at least those represented by counsel, could argue that he thought his counsel had raised an unexhausted claim and secure a stay. Such a scheme would run afoul of Rhines and its instruction that district courts should only stay mixed petitions in "limited circumstances."

Id. (citations omitted). Petitioner argues that he told his post-conviction counsel to raise on post-conviction appeal all of the claims that he had presented in his state habeas corpus petitions, and that the Nevada Supreme Court rejected his proper person document. Petitioner's motion (#31), at 1-4. See also Ex. 89 (letter from petitioner to post-conviction counsel), Ex. 95 (order returning proper person document) (#26). Petitioner's argument is less persuasive than the argument presented in Wooten. While the petitioner in Wooten thought that his attorney had included a claim

---

[2]In his reply (#34), petitioner argues that the court should liberally construe his motion to hold case in abeyance (#31) also as an opposition to the motion to dismiss (#20). Regardless of how petitioner should have titled his motion (#31), he does not argue that he has exhausted his grounds for relief, and "liberal construction" does not mean that the court will make his argument for him. By presenting no argument for exhaustion, petitioner has consented to the granting of the motion to dismiss (#20). LR 7-2(d).

in an appellate brief, in this case petitioner knew that counsel did not present all the claims that petitioner wanted presented. See, e.g., Amended petition (#15), at 4 (stating that ground 1 had not been raised on direct or post-conviction appeal). The court will not lay the fault for the omission upon petitioner's post-conviction counsel. First, petitioner has no right to the effective assistance of post-conviction counsel, and petitioner bears the responsibility for counsel's decisions. Coleman v. Thompson, 501 U.S. 722, 753–754 (1991). Second, "[a] hallmark of effective appellate counsel is the ability to weed out claims that have no likelihood of success, instead of throwing in a kitchen sink full of arguments with the hope that some argument will persuade the court." Pollard v. White, 119 F.3d 1430, 1435 (9th Cir. 1997).[3] If post-conviction counsel's decision to raise only selected arguments on appeal were good cause, then every petitioner who was represented in state post-conviction proceedings would have good cause for a stay in federal court. As the court of appeals noted in Wooten, that would run afoul of the requirement in Rhines that stays should be granted only in limited circumstances. Consequently, the court finds that petitioner has not demonstrated good cause, and the court will not stay this action while petitioner returns to state court.

Of the remaining 15 grounds for relief, only ground 3 is not affected by the motion to dismiss (#20). Grounds 1, 2, 4, 5, 6, 7, 9, 10, 12, 13, and 14 are completely unexhausted.

Ground 8 is partially unexhausted. Petitioner raised on state post-conviction appeal the claim in ground 8(2).[4] In that claim, petitioner that direct-appeal counsel should have argued that evidence was insufficient to support a conviction on one count of battery causing substantial bodily harm because broken fingers do not constitute substantial bodily harm. Respondents argue that ground 8(2) also contains claims of violations of the due process clauses of the Fifth and Fourteenth Amendments. However, reading ground 8(2) in context of ground 8 as a whole, petitioner is claiming that direct-appeal counsel should have argued that the evidence was insufficient to support

---

[3]The court of appeals is referring to the right to effective assistance of counsel, which petitioner does not possess in post-conviction proceedings, but the statement is an accurate description of an attorney's duty in any proceeding.

[4]Respondents use letters to designate the parts of ground 8, but the court will use petitioner's numeric designations.

the conviction, in violation of those due process clauses. There is no due process claim in ground 8(2) that is independent of the claim of ineffective assistance of appellate counsel.

Ground 11 is largely a claim that the evidence was insufficient to sustain the conviction on one count of battery causing substantial bodily harm, a violation of due process, because broken fingers do not constitute substantial bodily harm. Ground 11 is the independent constitutional claim that underlies ground 8. To that extent, ground 11 is unexhausted. Petitioner also mentions that he received ineffective assistance of appellate counsel because appellate counsel did not argue this issue on direct appeal. To the extent that ground 11 raises a claim of ineffective assistance of counsel, it repeats ground 8(2), and the court dismisses it. The rest of ground 11 is unexhausted.

In ground 15, petitioner uses a photocopy of his supplemental state petition, with some additional handwritten notes. See Ex. 72 (#25). Ground 15 raises five claims of ineffective assistance of trial counsel and one claim of ineffective assistance of appellate counsel. Ground 15(I)(D)[5] is a claim that trial counsel should have called as a witness a store clerk. One victim testified that after being beaten, she felt that she was unable to leave petitioner's house. Petitioner had testified that he had went out on the night in question to buy milk and doughnuts for the victims. The clerk could have corroborated that testimony, which in turn would have shown that petitioner was not present at the time that the victim testified that she felt she was unable to leave. Ground 15(I)(E) is a claim that counsel should have objected to the prosecutor's yelling or loud speech in hearings outside the jury's presence, because the jury could hear the prosecutor in the jury room. Petitioner did not raise these issues in his post-conviction appeal, and they are unexhausted. In the handwritten portions of ground 15, petitioner also alleges that his rights under the First, Fifth, and Fourteenth Amendments were violated. The claims in ground 15 were presented to the state courts solely as violations of the Sixth Amendment right to effective assistance of counsel. Petitioner has not presented the other constitutional theories to the state courts, and they are unexhausted. However, the facts that petitioner alleges support only claims of ineffective assistance

---

[5]Again, the court uses petitioner's method of designating the parts of ground 15.

-5-

of counsel.  The court will dismiss the claims under the First, Fourth, and Fourteenth Amendments because they lack merit.  See 28 U.S.C. § 2254(b)(2).

The amended petition (#15) is mixed, containing both claims exhausted in state court and claims not exhausted in state court, and it is subject to dismissal.  See Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Szeto v. Rushen, 709 F.2d 1340, 1341 (9th Cir. 1983).  Petitioner may voluntarily dismiss the unexhausted grounds and proceed with the remaining grounds, or he may voluntarily dismiss this action without prejudice while he returns to state court to exhaust the unexhausted grounds.

Respondents have submitted a motion for leave to file presentence report under seal (#27).  The court grants this motion because the document in question is confidential.

IT IS THEREFORE ORDERED that the claim of ineffective assistance of counsel in ground 11 is **DISMISSED** because it repeats the same claim in ground 8(2).

IT IS FURTHER ORDERED that the claims under the First, Fourth, and Fourteenth Amendments in ground 15 are **DISMISSED** because they lack merit.

IT IS FURTHER ORDERED that respondents' motion to dismiss (#20) is **GRANTED**.  Grounds 1, 2, 4, 5, 6, 7, 8(1), 8(3), 8(4), 8(5), 8(6) 9, 10, 11, 12, 13, 14, 15(I)(D), and 15(I)(E) are unexhausted.

IT IS FURTHER ORDERED that petitioner's motion to hold case in abeyance (#31) is **DENIED**.

IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of entry of this order to do one of the following:  (1) inform this court in a sworn declaration that he wishes to dismiss the unexhausted grounds of his amended petition (#15), and proceed only on the remaining grounds for relief, or (2) inform this court in a sworn declaration that he wishes to dismiss his amended petition (#15) to return to state court to exhaust his state remedies with respect to the claims set out in the unexhausted grounds of his amended petition (#15).  Failure to comply will result in the dismissal of this action.

IT IS FURTHER ORDERED that if petitioner elects to dismiss the aforementioned grounds of his amended petition (#15) and proceed on the remaining grounds, respondents shall file and

serve an answer or other response to the remaining grounds within forty-five (45) days after petitioner serves his declaration dismissing those grounds. If respondents file and serve an answer, it shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

IT IS FURTHER ORDERED that if respondents file and serve an answer, petitioner shall have forty-five (45) days from the date on which the answer is served to file and serve a reply.

IT IS FURTHER ORDERED that respondents' motion for leave to file presentence report under seal (#27) is **GRANTED**.

Dated: This 14th day of September, 2012.

_____
ROBERT C. JONES
Chief United States District Judge