

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| LANCE DEON HAWES, | |
| Petitioner, | Case No. 3:10-cv-00655-RCJ-VPC |
| vs. | **ORDER** |
| JACK PALMER, et al., | |
| Respondents. | |

The court determined that many of petitioner's grounds for relief in the amended petition (#15) were unexhausted, and consequently that the amended petition was a mixed petition subject to dismissal. Order (#37). The court denied petitioner's request for a stay and directed him either to dismiss the unexhausted grounds or to dismiss the action. Id. Petitioner has filed a motion for reconsideration (#40), and respondents have filed an opposition (#41).

In his motion to hold case in abeyance (#31), petitioner argued that good cause existed for the failure to exhaust his claims in state court because his state post-conviction counsel did not raise the claims that petitioner wanted raised. The court rejected that argument because the court should stay mixed petitions only in limited circumstances, and petitioner's argument would mean that every petitioner who was represented in state post-conviction proceedings would have good cause to stay a mixed petition. Order, at 3-4 (#37).

Part of petitioner's argument is a repeat of his argument in his motion to hold case in abeyance (#31). The court is not persuaded for the reasons that it gave in its earlier order (#37).

Petitioner now argues for the first time that he would not have sufficient time left in the one-year period of limitations of 28 U.S.C. § 2244(d) if the court did not stay this action. He states that he has approximately 20 days remaining. He also states that he did not know about the conclusion of his state post-conviction proceedings until six months later. The court calculates that the one-year period expired on January 17, 2011. If the court was not to count the six months between the conclusion of the state post-conviction proceedings and the commencement of this action, the one-year period expired on July 21, 2011. Either way, the one-year period expired before petitioner mailed his operative, amended petition (#15) to the court on September 28, 2011.[1]

The expiration of the period of limitations, by itself, is not good cause for the court to stay the action. The purpose of the stay is to avoid the consequences of the expiration of the one-year period, so every petitioner who asks for a stay is a petitioner who has a problem with timeliness. Granting a stay in every such case would undermine the purposes of the statute of limitations. Rhines v. Weber, 544 U.S. 269, 277 (2005). Consequently, the Supreme Court directed the district courts that a stay is appropriate only when good cause exists for the failure to exhaust the claims. Id.. That brings the court back to petitioner's proposed good cause: Petitioner's state post-conviction counsel did not raise all the grounds that petitioner wanted raised. As the court noted above and in its previous order (#37), counsel's actions did not amount to good cause.

Also before the court is petitioner's renewed motion for appointment of counsel (#36). Nothing in the motion causes the court to deviate from the denial of petitioner's earlier motion for appointment of counsel. See Order (#8).

Petitioner has submitted a motion for enlargement of time (second request) (#42). He asks for additional time to declare what he wishes to do with the unexhausted grounds in the amended petition (#15). The court grants this motion.

IT IS THEREFORE ORDERED that petitioner's motion for reconsideration (#40) is **DENIED**.

---

[1] The court assumes for the purposes of this order that the grounds in the amended petition (#15) relate back to the grounds in the original petition.

1  IT IS FURTHER ORDERED that petitioner's renewed motion for appointment of counsel
2  (#36) is **DENIED**.
3  IT IS FURTHER ORDERED that petitioner's motion for enlargement of time (second
4  request) (#42) is **GRANTED**.  Petitioner shall have through December 26, 2012, to comply with the
5  court's order (#37).  No further extensions will be granted.
6  Dated:  December 10, 2012.

_____
ROBERT C. JONES
Chief United States District Judge