# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LANCE DEON HAWES,

    Petitioner,

vs.

JACK PALMER, et al.,

    Respondents.

Case No. 3:10-cv-00655-RCJ-VPC

**ORDER**

Before the court are the amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#15), respondents' answer (#49), and petitioner's reply (#56). The court finds that relief is not warranted, and the court denies the amended petition.

In state court, petitioner was convicted of two counts of domestic battery, two counts of battery causing substantial bodily harm, and one count of assault with a deadly weapon. Ex. 37 (#23). Petitioner's direct appeal and post-conviction habeas corpus proceedings in state court were unsuccessful.

Petitioner then commenced this action. The amended petition (#49) contained sixteen grounds. Ground 16 was a claim that petitioner received ineffective assistance of post-conviction counsel in state court. The court dismissed ground 16 when it screened the petition, because there is no right to effective assistance of post-conviction counsel. Order (#16). Reasonable jurists would

not find this conclusion to be debatable or wrong, and the court will not issue a certificate of appealability on the matter.[1]

Respondents filed a motion to dismiss. The court determined that petitioner had not exhausted many grounds in the amended petition. Order (#37). Petitioner elected to dismiss those grounds. Decl. (#44). Grounds 3, 8(2), 15(I)(A), 15(I)(B), 15(I)(C), and 15(II) remain.

The court had denied petitioner a stay because he had not shown good cause for the failure to exhaust. The court of appeals has since elaborated on what constitutes cause to justify a stay. Blake v. Baker, ___ F.3d ___, 2014 WL 983623 (9th Cir. Mar. 14 2014). The court will issue a certificate of appealability on the matter of the denial of a stay.

Congress has limited the circumstances in which a federal court can grant relief to a petitioner who is in custody pursuant to a judgment of conviction of a state court.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Harrington v. Richter, 131 S. Ct. 770, 784 (2011).

> Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of this Court, § 2254(d)(1); Williams v. Taylor, 529 U.S. 362, 412 (2000); or that it "involved an unreasonable application of" such law, § 2254(d)(1); or that it "was based on an unreasonable determination of the facts" in light of the record before the state court, § 2254(d)(2).

[1]Subsequent to the court's screening order, the Supreme Court of the United States has held that ineffective assistance of counsel in the initial state post-conviction proceedings can be cause to excuse a procedural default of claims of ineffective assistance of counsel at trial. Martinez v. Ryan, 132 S. Ct. 1309 (2012). Martinez did not create a free-standing claim of ineffective assistance of post-conviction counsel, and thus it does not change this court's conclusions on ground 16.


Richter, 131 S. Ct. at 785. "For purposes of § 2254(d)(1), 'an unreasonable application of federal law is different from an incorrect application of federal law.'" Id. (citation omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Id. (citation omitted).

> [E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.

Yarborough v. Alvarado, 541 U.S. 652, 664 (2004).

> Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court.

Richter, 131 S. Ct. at 786.

> As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

Id., at 786-87.

Ground 3 is a claim that the trial court had erred in denying petitioner's motion for a mistrial based upon juror misconduct. The juror in question had introduced extrinsic evidence during deliberations. In the alternative, petitioner argues that if the misconduct was not so egregious to warrant a mistrial, then the district court erred in replacing the juror with an alternative. On this issue, the Nevada Supreme Court held:

> The district court has the discretion to grant or deny a motion for a mistrial based on juror misconduct, and absent a clear abuse of that discretion, the court's ruling will not be disturbed. "However, where the misconduct involves allegations that the jury was exposed to extrinsic evidence in violation of the Confrontation Clause, de novo review of a trial court's conclusions regarding the prejudicial effect of any misconduct is appropriate." "Prejudice is shown whenever there is a reasonable probability or likelihood that the juror misconduct affected the verdict." Jury exposure to extraneous information via independent research or experiment generally does not raise a presumption of prejudice but should be "analyzed in the context of the trial as a whole to determine if there is a reasonable probability that the information affected the verdict."
>
> We conclude that the district court did not abuse its discretion in denying Hawes' motion for a mistrial, or in replacing the offending juror with an alternate. After being informed by the foreperson of the juror's misconduct, the district court conducted a hearing and determined that the juror had in fact committed misconduct by consulting an extrinsic source and

> reading information gleaned from the source to the jury. Nevertheless, the district court concluded:
>
> > [T]he chance of contamination or prejudice to the remaining [jury] panel is slight or marginal based on . . . the note that we received indicating that the breakdown was eleven to one.
> >
> > And, therefore, the court has determined that it will replace juror number eight . . . with the alternate. . . .
> >
> > The court doesn't feel that the incident of juror misconduct caused the type of prejudice that would require a mistrial at this point.
>
> The district court then instructed the jury, with the alternate in place, to begin their deliberations anew. We agree with the district court and conclude that Hawes is not entitled to a new trial.

Ex. 47, at 2-3 (#24) (citations omitted). The Supreme Court of the United States has not clearly established any law regarding the removal of a juror who conducts his or her own investigation. Bell v. Uribe, ___ F.3d ___, 2014 WL 211814, at 9 (9th Cir. Jan. 21, 2014). Consequently, the Nevada Supreme Court's determination cannot be contrary to, or an unreasonable application of, clearly established federal law. Carey v. Musladin, 549 U.S. 70, 77 (2006). The court cannot grant relief on ground 3.

Reasonable jurists would not find the court's conclusions on this ground to be debatable or wrong, and the court will not issue a certificate of appealability on this ground.

The remaining grounds are claims of ineffective assistance of counsel. "[T]he right to counsel is the right to the effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771 & n.14 (1970). A petitioner claiming ineffective assistance of counsel must demonstrate (1) that the defense attorney's representation "fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694. "[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697.

Strickland expressly declines to articulate specific guidelines for attorney performance beyond generalized duties, including the duty of loyalty, the duty to avoid conflicts of interest, the duty to advocate the defendant's cause, and the duty to communicate with the client over the course of the prosecution. 466 U.S. at 688. The Court avoided defining defense counsel's duties so exhaustively as to give rise to a "checklist for judicial evaluation of attorney performance. . . . Any such set of rules would interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions." Id. at 688-89.

Review of an attorney's performance must be "highly deferential," and must adopt counsel's perspective at the time of the challenged conduct to avoid the "distorting effects of hindsight." Strickland, 466 U.S. at 689. A reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. (citation omitted).

The Sixth Amendment does not guarantee effective counsel per se, but rather a fair proceeding with a reliable outcome. See Strickland, 466 U.S. at 691-92. See also Jennings v. Woodford, 290 F.3d 1006, 1012 (9th Cir. 2002). Consequently, a demonstration that counsel fell below an objective standard of reasonableness alone is insufficient to warrant a finding of ineffective assistance. The petitioner must also show that the attorney's sub-par performance prejudiced the defense. Strickland, 466 U.S. at 691-92. There must be a reasonable probability that, but for the attorney's challenged conduct, the result of the proceeding in question would have been different. Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

> Establishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult. The standards created by Strickland and § 2254(d) are both "highly deferential," . . . and when the two apply in tandem, review is "doubly" so . . . . The Strickland standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.

Harrington v. Richter, 131 S. Ct. 770, 788 (2011) (citations omitted).

Ground 8(2) is a claim that appellate counsel provided ineffective assistance because appellate counsel did not raise an issue of substantial bodily harm on direct appeal. One of the victims suffered a broken finger. Petitioner argues that a broken finger does not amount to substantial bodily harm, as defined in Nev. Rev. Stat. § 0.060 and used in Nev. Rev. Stat. § 200.481. In the appeal from the denial of the state habeas corpus petition, the Nevada Supreme Court adopted the reasoning of the state district court. Ex. 96, at 1-2 (#26). The state district court held:

> While Hawes does not identify the element of battery causing substantial bodily harm the State failed to prove, the Court finds that, viewing Ms. Jones' testimony and that of Dr. Shields in the light most favorable to the State, our Supreme Court would have rejected Hawes' sufficiency of evidence challenge. As a result, Mr. Sexton's [counsel] failure to raise the claim was neither unreasonable nor prejudicial.

Ex. 81, at 6 (#26). In post-conviction habeas corpus proceedings, whether in state court or federal court, petitioner has the burden of proof. The theory of the prosecution was prolonged physical pain. See Nev. Rev. Stat. § 0.060(2). The court has reviewed petitioner's pro se state habeas corpus petition, his pro se amended state habeas corpus petition, and his represented supplemental petition. See Ex. 53 (#24), Ex. 61 (#25), Ex. 72 (#25). The court also has reviewed the transcripts of the hearings in the state habeas corpus proceedings. See Ex. 78 (#26), Ex. 79 (#26). Petitioner did not present any evidence in the state habeas corpus proceedings that Jones did not actually feel prolonged physical pain. Petitioner also did not present any evidence or argument that the pain from a hairline fracture of a broken finger was insufficient to amount to substantial bodily harm. Therefore, the Nevada Supreme Court, in affirming the state district court, reasonably could have concluded that petitioner had failed in his burden of proof that counsel was ineffective. The court cannot grant relief on ground 8(2).

Reasonable jurists would not find the court's conclusions on this ground to be debatable or wrong, and the court will not issue a certificate of appealability on this ground.

Ground 15(I)(A) is a claim that trial counsel provided ineffective assistance because trial counsel did not object to the testimony of the 6-year-old victim on the grounds that she was not competent to testify. The Nevada Supreme Court summarily adopted the reasoning of the state district court. Ex. 96, at 1-2 (#26). The state district court held:

> Here, Petitioner argues, Defense counsel failed to determine the competency of the six year old [A.][2] at either the preliminary hearing or the trial. At the preliminary hearing, Petitioner claims, [A.] was led and coached by the District Attorney and admitted that she had problems remembering what had happened. Also, she stated she did not know what the truth was. Petitioner references the Reporter's Transcript in support of this argument.
>
> The Court disagrees. NRS 50.015 states, "[e]very person is competent to be a witness except as otherwise provide [sic] in this title." Additionally, a child is deemed competent to testify if he or she can receive just impressions of the facts of which he or she is testifying and is capable of truthfully relating such facts. To relate such impressions truly, a child must state his recollections with the knowledge of the difference between the truth and a lie. The Court must evaluate the competency of a child on a case by case basis and may consider the factors articulated in Petitioner's argument. However, the Supreme Court will not disturb a finding of competency absent a clear abuse of discretion. Finally, leading questions are permitted on direct examination with the permission of the court.
>
> Here, Petitioner fails to provide sufficient facts to demonstrate a clear abuse of discretion regarding [A.]'s competency. At the preliminary proceedings, when [A.] was asked "what is the truth, do you know?" she replied "I don't know." However, when the prosecutor asked her if it would be true that my shirt is white, [A.] nodded her head. When he asked if it is true that his shirt is green, [A.] shook her head indicating that she knew that the shirt was not green. Thus, the court finds that [A.] was indeed capable of determining the truth or accuracy of a statement from a falsehood or inaccurate statement. Further, there are no facts to indicate coaching. While leading questions were used, such questions are permitted in certain situations with the permissions of the Court. Additionally, Petitioner must demonstrate that both counsel's performance was deficient and Petitioner was prejudiced by such performance. Even if the Court found counsel had failed to properly object to [A.]'s lack of competency, Petitioner has not proven he was prejudiced. The record reflects additional witness testimony which could have been used to convict Petitioner.

Ex. 74, at 6-7 (#25) (citations omitted). In addition to that holding from the state district court, respondents make a very cogent argument: Trial counsel did raise a question about whether the girl was competent to testify. See Ex. 26, at 87 (#22). The prosecutor then made inquiries showing that she was competent to testify. Id. at 87-90 (#22). There was nothing else that trial counsel could have done. The Nevada Supreme Court and the state district court applied Strickland reasonably. The court cannot grant relief on ground 15(I)(A).

Reasonable jurists would not find the court's conclusions on this ground to be debatable or wrong, and the court will not issue a certificate of appealability on this ground.

In ground 15(I)(B), petitioner claims that trial counsel provided ineffective assistance because trial counsel failed to obtain a medical expert to testify in support of the defense theory of the case, that the victim Elysia Jones might have suffered a broken finger due to a grand mal

---

[2]The court is redacting the name of the minor victim.

seizure. The Nevada Supreme Court summarily adopted the reasoning of the district court. Ex. 96, at 1-2 (#26). The district court held:

> For example, Hawes alleged that Mr. Sexton, once apprised of Hawes' theory of defense, should have contacted an expert on epilepsy to determine the extent to which, if any Ms. Jones' injuries were consistent with a grand mal seizure and whether that seizure could have been induced by methamphetamine abuse. While Mr. Sexton testified that he did not believe that consulting an expert on epilepsy was necessary, the Court is convinced that Mr. Sexton's unilateral assessment does not comport with Strickland's call for a reasonably complete investigation. Nevertheless, Hawes failed to present any expert testimony that would either confirm Hawes' version of events or otherwise contradict the testimony of the prosecution's witness, an emergency room doctor, who treated Ms. Jones and opined that, based on his extensive experience with epilepsy patients in the ER, her injuries were inconsistent with a grand mal seizure.

Ex. 81, at 4 (#26). The court has reviewed the transcripts of the hearings in the state post-conviction proceedings, and petitioner did not present an expert who testified what evidence could have been presented at trial. The state district court applied Strickland reasonably in denying this claim. The court cannot grant relief on ground 15(I)(B).

Reasonable jurists would not find the court's conclusions on this ground to be debatable or wrong, and the court will not issue a certificate of appealability on this ground.

In ground 15(I)(C), petitioner claims that trial counsel provided ineffective assistance at sentencing because counsel did not present any mitigating witnesses. The Nevada Supreme Court summarily adopted the reasoning of the district court. Ex. 96, at 1-2 (#26). The district court was not convinced that this was deficient performance. The district court was convinced that petitioner had not demonstrated any prejudice because petitioner did not support his claims with factual allegations. Ex. 74, at 8 (#25). "When the Supreme Court established the test for ineffective assistance of counsel claims in Strickland, the Court expressly declined to 'consider the role of counsel in an ordinary sentencing, which . . . may require a different approach to the definition of constitutionally effective assistance.'" Cooper-Smith v. Palmateer, 397 F.3d 1236, 1244 (9th Cir. 2005). "[S]ince Strickland, the Supreme Court has not delineated a standard which should apply to ineffective assistance of counsel claims in noncapital sentencing cases." Davis v. Grigas, 443 F.3d 1155, 1158 (9th Cir. 2006). Consequently, the Nevada Supreme Court's determination cannot be contrary to, or an unreasonable application of, clearly established federal law. Musladin, 549 U.S. at 77. The court cannot grant relief on ground 15(I)(C).

Reasonable jurists would not find the court's conclusions on this ground to be debatable or wrong, and the court will not issue a certificate of appealability on this ground.

In ground 15(II), petitioner claims that appellate counsel provided ineffective assistance because counsel did not challenge the hearsay testimony of a police officer who related what the six-year-old victim said. The Nevada Supreme Court summarily adopted the reasoning of the district court. Ex. 96, at 1-2 (#26). The state district court held:

> Finally, Petitioner argues defense counsel failed to appeal the hearsay testimony of Officer Clark as to what was said by [A.]. During the trial defense counsel objected to Officer Clarke testifying as to what [A.] had previously told her. Because [A.] was available for trial and testified consistently with what the Officer heard, Petitioner claims there was no need to allow any testimony about what she had previously told police. [A.] testified and answered all relevant questions consistently with her prior statements made to the police. Petitioner contends failure of defense counsel to raise this on appeal was a significant error.
>
> As specifically stated in Petitioner's argument, [A.] testified consistently with what the Officer said. While there may have been no need for the Officer to repeat what [A.] had said, because he [sic] did not produce additional or inaccurate evidence. Petitioner has failed to show that but for such an omission, the result would have been different. Thus, the argument is not supported with sufficient factual allegations that if true, would entitle petitioner to relief. Thus, it is is dismissed.

Ex. 74, at 9-10 (#25). The court agrees with respondents. The testimony at issue either was admissible as non-hearsay or through a hearsay exception, or the testimony was cumulative. Petitioner did not demonstrate any prejudice, and the state courts applied Strickland reasonably. The court cannot grant relief on ground 15(II).

Reasonable jurists would not find the court's conclusions on this ground to be debatable or wrong, and the court will not issue a certificate of appealability on this ground.

In his reply (#56), petitioner tries to present new grounds for relief and to argue for reinstatement of grounds that the court had dismissed. A reply brief is not the proper method for presenting such arguments. See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994).

IT IS THEREFORE ORDERED that the amended petition for a writ of habeas corpus (#15) is **DENIED**. The clerk of the court shall enter judgment accordingly.

///
///
///

IT IS FURTHER ORDERED that a certificate of appealability is **GRANTED** on the issue whether the court was correct in denying petitioner's motion to stay this action while he returned to exhaust his remedies in state court.

Dated: April 15, 2014.

ROBERT C. JONES
United States District Judge