# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LANCE DEON HAWES,

    Petitioner,

vs.

JACK PALMER, et al.,

    Respondents.

Case No. 3:10-cv-00655-RCJ-VPC

**ORDER**

    Before the court are the second amended petition for writ of habeas corpus (ECF No. 72), respondents' motion to dismiss (ECF No. 75), petitioner's opposition (ECF No. 79), and respondents' reply (ECF No. 80). The court already has ruled upon the merits of two grounds in the second amended petition. The remaining ground is procedurally defaulted, and petitioner has not demonstrated cause to excuse the default. The court grants the motion to dismiss.

    After remand from the court of appeals, petitioner, with the assistance of counsel, filed the second amended petition (ECF No. 72). The second amended petition contains three grounds. In ground 1, petitioner claims that the removal of a juror who had introduced extrinsic evidence during deliberations created prejudicial constitutional error. In ground 2, petitioner claims that he received ineffective assistance of appellate counsel because appellate counsel did not challenge under the Confrontation Clause of the Sixth Amendment the admission of the minor victim A.J.'s statements to a police officer. In ground 3, petitioner claims that he received ineffective assistance of trial counsel because trial counsel did not hire an expert on grand mal seizures to support petitioner's defense that the injuries of adult victim Elysia Jones were caused by a grand mal seizure.

1    Respondents and petitioner agree that the court already has decided against petitioner on the
2 merits of what were grounds 3 and 15(I)(B) of the first amended petition (ECF No. 46), and what
3 are now grounds 1 and 3 of the second amended petition. ECF No. 57, at 3-4, 7-8. The court also
4 did not issue a certificate of appealability for those grounds. On appeal, petitioner did not seek a
5 certificate of appealability for those grounds, and the court of appeals did not address the court's
6 determinations on those grounds. The court's determinations on what are now grounds 1 and 3 of
7 the second amended petition are final. Reasonable jurists would not disagree with this new
8 determination, and the court will not issue a certificate of appealability for these grounds.

9    Respondents argue that ground 2 of the second amended petition is untimely, procedurally
10 defaulted, and meritless on its face. For the reasons stated below, the court agrees with the last two
11 argument.

12    Shortly after the events at issue in this case, Reno Police Officer Rebecca Clark spoke with
13 the minor victim, A.J., who was five years old at the time. A.J. told Officer Clark about her injuries,
14 what petitioner did, and what petitioner said. A.J. testified at trial, when she was six, and she was
15 cross-examined, but she did not remember some things. See Ex. 26, at 85-101 (ECF No. 22-13, at
16 17-33). The prosecutor then called Officer Clark as a witness. The defense counsel objected to
17 Officer Clark's testimony based upon the Confrontation Clause and Crawford v. Washington, 541
18 U.S. 36, 59 (2004). In a hearing outside the presence of the jury, the prosecutor stated that he
19 intended to ask Clark about A.J.'s statements. Ex. 26, at 105-07 (ECF No. 22-13, at 37-39). The
20 prosecutor noted that although Crawford mentions hearsay exceptions, it is a ruling on the
21 Confrontation Clause. The prosecutor argued that there is no confrontation clause issue with regard
22 to A.J.'s statements to Officer Clark because A.J. had testified and was cross-examined. The
23 prosecutor also argued that Clark's testimony was allowable as a past-recollection-recorded
24 exception to the hearsay rule. The defense attorney stood on Crawford. He said, "And I know
25 what—the District Attorney's argument is about. [A.J.] is available, but she is in essence
26 unavailable because she doesn't remember anything really substantive." Ex. 26, at 110 (ECF No.
27 22-13, at 42). The trial court allowed the testimony. On direct appeal, appellate counsel did not
28 make any argument about Officer Clark's testimony.

Petitioner filed a post-conviction habeas corpus petition in state district court. The state district court appointed counsel. Counsel filed a supplemental petition. In argument II of the supplemental petition, petitioner argued that appellate counsel provided ineffective assistance because appellate counsel did not raise the issue of Officer Clark's testimony on direct appeal. Ex. 72, at 6-7 (ECF No. 25-17, at 7-8). Petitioner mentioned the Confrontation Clause and <u>Crawford</u>, but only in the context of the prosecutor's argument at the hearing that they were not applicable to Officer Clark's offered testimony. Otherwise, petitioner argued that appellate counsel failed to appeal Officer Clark's hearsay testimony. The state district court ruled against petitioner, analyzing the claim solely as a claim that appellate counsel failed to raise the issue of hearsay. Ex. 74, at 9-10 (ECF No. 25-19, at 10-11). On appeal, petitioner's relevant argument started, "This Defense Counsel also failed to Appeal the Hearsay testimony of Officer Clark as to what was stated by the six year old victim." Ex. 92, at 7 (ECF No. 26-19, at 8). The paragraph of this argument contained no mention of the Confrontation Clause. The appellate response by the respondents argued that appellate counsel was not ineffective because an argument based upon either the hearsay rule or the Confrontation Clause would not have succeeded, because A.J. appeared and testified. Ex. 93, at 9-10 (ECF No. 26-20, at 10-11). The Nevada Supreme Court summarily affirmed the state district court's ruling on this issue. Ex. 96, at 1-2 (ECF No. 26-23, at 2-3).

The court does not agree with respondents that the court ruled on the merits of ground 2 of the second amended petition when it ruled on the merits of ground 15(II) of the first amended petition. Ground 15(II) of the first amended petition was a copy of argument II of the supplemental state post-conviction habeas corpus petition. Petitioner presented argument II, and thus ground 15(II), as a claim that appellate counsel failed to argue that Officer Clark's testimony was inadmissible hearsay. The state district court decided argument II solely on the issue of hearsay. The Nevada Supreme Court affirmed the state district court. Although the respondents in the state habeas corpus proceedings argued that no violation of the Confrontation Clause had occurred, petitioner, not the respondents, decided what legal theories to use.

The issue then becomes whether ground 2 of the second amended petition is timely under 28 U.S.C. § 2244(d)(1). Ground 2 is not timely by itself because the one-year period had expired

-3-

before petitioner raised the ground in any court. Petitioner argues that ground 2 relates back to ground 15(II) of the first amended petition. Relation back, pursuant to Rule 15(c) of the Federal Rules of Civil Procedure, is allowed "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts . . . ." Mayle v. Felix, 545 U.S. 644, 664 (2005). Ground 2 of the second amended petition and ground 15(II) of the first amended petition share many of the same facts. Those facts are: (1) Officer Clark asked A.J. what happened, and A.J. gave a statement to Officer Clark, (2) A.J. testified at trial and was cross-examined, without much recollection on her part, and (3) Officer Clark testified about what A.J. told her. The difference between ground 15(II) of the first amended petition and ground 2 of the second amended petition is the legal theory that petitioner argues that appellate counsel should have raised on direct appeal. In the first amended petition, petitioner argues that appellate counsel should have raised an issue that Officer Clark's testimony violated the state hearsay rule. In the second amended petition, petitioner argues that appellate counsel should have raised an issue that Officer Clark's testimony violated the Confrontation Clause.

The court of appeals has addressed similar issues in two cases. In Ha Van Nguyen v. Curry, 736 F.3d 1287 (9th Cir. 2013), Nguyen was convicted of two felonies and one misdemeanor. The state trial court imposed a "three-strikes" sentence of 25 years to life for the second felony, a three-year concurrent sentence for the first felony, and a misdemeanor sentence that is irrelevant. The state court of appeal determined that the evidence was insufficient to support the conviction of the second felony and that Nguyen should have been convicted of a lesser-included misdemeanor for that count. On re-sentencing, the trial court then changed the first felony's three-year concurrent sentence into a "three-strikes" sentence of 25 years to life. Nguyen had spent more than 3 years in prison by that time. On further appeal, he argued unsuccessfully that the sentence was grossly disproportionate under the Eighth Amendment. Nguyen then turned to federal court. He raised the Eighth Amendment claim and a claim that the re-sentencing violated the Double Jeopardy Clause. The federal court stayed the habeas corpus proceedings to allow Nguyen to exhaust that double jeopardy claim and a new claim, not raised in the initial federal petition, that appellate counsel provided ineffective assistance by not raising the double jeopardy claim on direct appeal. The

California Supreme Court found that the subsequent state petition was untimely. Back in federal court, the double jeopardy claim and the ineffective-assistance claim were procedurally defaulted. The ineffective-assistance claim also was untimely unless it could relate back. Id. at 1290-91. The court of appeals emphasized that the rule of Mayle v. Felix requires a new claim to share a common core of operative facts, not legal theories. All three claims shared the same operative facts: Nguyen had fully served the three-year sentence originally imposed when the trial court re-sentenced him to 25 years to life. Consequently, the ineffective-assistance claim related back to the other claims even though it had a different theory and even though it occurred not at sentencing, but later when appellate counsel did not raise the issue. Id. at 1296-97.

In Schneider v. McDaniel, 674 F.3d 1144 (9th Cir. 2012), which started in this court, Schneider raised in a timely proper-person federal habeas corpus petition that appellate counsel provided ineffective assistance because appellate counsel did not raise on direct appeal:  (a) challenges to the sufficiency of the evidence; (b) a challenge to the trial court's alleged violation of the petitioner's right to a jury determination; (c) lack of subject matter jurisdiction; and (d) additional grounds that appointed counsel could discover later. This court appointed counsel, who filed an amended petition after expiration of the one-year period. Schneider's amended petition alleged that appellate counsel provided ineffective assistance because appellate counsel failed to argue on direct appeal that Schneider's convictions on two counts were either mutually exclusive or redundant. The court of appeals held that the claim in the amended petition did not relate back because it shared no operative facts with the timely claims of ineffective assistance of appellate counsel in the original petition. Id. at 1151-52

These two cases show that the operative facts, not the legal theories, determine whether a new claim relates back to a timely claim in an earlier petition. In petitioner's case, relation back is appropriate. Both ground 2 of the second amended petition and ground 15(II) of the first amended petition rely upon the same operative facts:  (1) Officer Clark asked A.J. what happened, and A.J. gave a statement to Officer Clark, (2) A.J. testified at trial and was cross-examined, without much recollection on her part, and (3) Officer Clark testified about what A.J. told her. The only difference is the legal theory that petitioner argues appellate counsel should have raised on direct appeal. Ha

Van Nguyen holds that such a difference is immaterial to the question of relation back. Consequently, ground 2 of the second amended petition relates back to the timely ground 15(II) of the first amended petition.

Ground 2 of the second amended petition is not exhausted, because petitioner never has presented to the state courts the claim that appellate counsel was ineffective for not raising a confrontation clause challenge to Officer Clark's testimony. The court of appeals, based upon the statements of both parties, has ruled that the ground should be considered procedurally defaulted because the state courts would apply state-law procedural bars to not consider the ground. Petitioner argues that he can show cause and prejudice to excuse the procedural default because post-conviction counsel in the state court provided ineffective assistance by not raising the claim in ground 2. See Martinez v. Ryan, 132 S. Ct. 1309 (2004), Ha Van Nguyen, 736 F.3d at 1296 (applying Martinez to procedurally defaulted claim of ineffective assistance of appellate counsel). A petitioner may show cause:

> [W]here (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding."

Trevino v. Thaler, 133 S. Ct. 1911, 1918 (2013).

Petitioner cannot show cause to excuse the procedural default. The ineffective-assistance claim in ground 2 is insubstantial. The underlying issue of whether Officer Clark's testimony violated the Confrontation Clause has no potential merit. "[T]he Confrontation Clause is not violated by admitting a declarant's out-of-court statements, as long as the declarant is testifying as a witness and subject to full and effective cross-examination." California v. Green, 399 U.S. 149, 158 (1970). In Crawford v. Washington, 541 U.S. 36, 59 (2004), the Court held that when a declarant does not testify, then the Confrontation Clause requires that the declarant be unavailable and subject to prior cross-examination before the declarant's testimonial out-of-court statements may be admitted. Crawford reaffirmed Green's holding that "when the declarant appears for

cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements." Id. at 59 n.9.

A.J. testified at trial. She was subject to cross-examination. The Confrontation Clause does not bar admission of her statements given to Officer Clark.[1]

Petitioner argues that he has presented an intriguing question of law, "Is the Confrontation Clause violated when the District Attorney introduces testimonial statements of a victim after the victim testifies under circumstances that deprived defense counsel of a meaningful opportunity to cross-examine the witness[?]" ECF No. 79, at 3. The court disagrees. Petitioner had the opportunity to cross-examine A.J. effectively. The problem is that A.J. potentially was an unreliable witness because her recollection had faded by the time of trial. However, in Crawford the Court ended the practice of using factors of reliability to determine whether admission of an out-of-court statement complied with the Confrontation Clause. 541 U.S. at 60-69.

Appellate counsel could not have succeeded on direct appeal because the issue underlying ground 2 of the second amended petition was without merit. Petitioner has not presented a substantial claim of ineffective assistance of appellate counsel. He has not shown cause to excuse the procedural default of ground 2 of the second amended petition.

Reasonable jurists would not find the court's conclusion to be debatable or wrong, and the court will not issue a certificate of appealability on this issue.

IT IS THEREFORE ORDERED that respondents' motion to dismiss (#72) is **GRANTED**. This action is **DISMISSED** with prejudice. The clerk of the court shall enter judgment accordingly and close this action.

///
///
///

---

[1] A.J. also testified and was cross-examined at the preliminary hearing. Ex. 6, at 62-72 (ECF No. 21-7, at 4-14). Even if her poor recollection at trial would lead to a determination that she was unavailable, the prior opportunity for cross-examination would satisfy the Confrontation Clause's requirements.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

Dated: This 16th day of February, 2017.

_____
ROBERT C. JONES
United States District Judge